IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

NICOLE PARSONS,

        Plaintiff,

v.                                                              CIVIL ACTION NO.   2:20-cv-00183

PACTIV, LLC,

        Defendant.

**ORDER**

Before this Court is the motion to compel filed by Plaintiff Nicole Parsons ("Plaintiff"). (ECF No. 61.) Plaintiff seeks an order directing Defendant Pactiv, LLC ("Defendant") to respond to five discovery requests asking Defendant for documents related to five separate incidents of workplace injuries at Defendant's facilities. (ECF No. 62 at 3–10; *see* ECF No. 34.) For the reasons explained more fully herein, Plaintiff's motion to compel (ECF No. 61) is **GRANTED**.

*I.   BACKGROUND*

Plaintiff brings this West Virginia state-law deliberate-intent action for an alleged workplace injury she suffered while employed at Defendant's facility in Mineral Wells, West Virginia. (ECF No. 1.) On July 29, 2020, Plaintiff served a set of discovery requests upon Defendant that included a request asking Defendant to "[i]dentify any other incidents wherein [its] employees . . . were injured or killed while working with an extruder at any Pactiv facility" and to produce "any OSHA investigation, internal investigation or incident reports related thereto." (ECF No. 61-2 at 1; *see* ECF No. 10.) Defendant objected to the request because its scope was not limited to the facility where

Plaintiff worked and did not concern any particular period in time. (ECF No. 61-2 at 1; *see* ECF No. 13.) Still, Defendant produced documents for "a slip and fall near a different winding unit" that occurred at the Mineral Wells facility. (ECF No. 61-2 at 1–2.)

According to Plaintiff, several months later, when her counsel was preparing for a deposition, he uncovered publicly available files from the federal Occupational Safety and Health Administration ("OSHA") detailing five workplace-injury incidents that occurred at other of Defendant's facilities throughout the United States. (ECF No. 62 at 2.) On February 17, 2021, Plaintiff served the five discovery requests at issue in this motion to compel upon Defendant, asking for "documents, including but not limited to OSHA files, inspection files, EHS documentation witness statements, CSRs, e-mail correspondence pertaining thereto and all materials disseminated at the Mineral Wells, West Virginia facility pertaining to" each of the five incidents Plaintiff's counsel discovered while researching for the deposition. (*Id.* at 2–10; *see* ECF No. 34.) In responding to each of these new discovery requests, Defendant essentially reasserted its objections to the similar discovery request Plaintiff had earlier served upon it and argued that Plaintiff should have filed a motion to compel after Defendant responded to that earlier request. (ECF No. 62 at 3–10.)

After counsel exchanged meet-and-confer letters in March and April 2021, Plaintiff filed the presently pending motion to compel on April 15, 2021. (ECF No. 61.) Defendant responded on April 30, 2021 (ECF No. 64), and Plaintiff timely replied (ECF No. 65). As such, Plaintiff's motion to compel is fully briefed and ready for resolution.

## II. ANALYSIS

A. *The five discovery requests at issue do not impermissibly overlap with a previous request.*

Defendant conflates the five discovery requests at issue in this motion, which were served on February 17, 2021, and responded to on March 19, 2021, and the similar request served on June 29, 2020, and responded to on September 4, 2020. (ECF No. 64 at 15–19.) While it appears that the information responsive to the February 17, 2021 requests would also have been responsive to the June 29, 2020 request, they are, in fact, separate requests. And despite this overlap, the requested discovery is not unnecessarily duplicative because Defendant did not provide the information requested in the February 17, 2021 requests when it responded to the June 29, 2020 request. *See* Fed. R. Civ. P. 26(b)(2)(C) (providing that this Court must limit discovery when, among other circumstances, it "is unreasonably cumulative or duplicative"). Instead, Defendant unilaterally limited the scope of the June 29, 2020 request and responded to its own, more restricted version. The February 17, 2021 requests do not solicit documents that Defendant has already produced to Plaintiff.

Defendant asserts, without legal support, that "The Rules do not allow a party to re-serve a discovery request that has been asked and answered under the guise that the request is a 'new' request and not simply a more specific recital of a prior request." (ECF No. 64 at 18.) Plaintiff certainly could have further pursued the June 29, 2020 request and attempted to urge Defendant to disclose the existence of the incidents that are the subjects of the February 17, 2021 requests. She could have filed a motion to compel Defendant to fully respond to the June 29, 2020 request. But she chose to utilize a

different strategy and discovered those five incidents on her own, and then she asked Defendant about each of them specifically.

Even if she had simply asked the June 29, 2020 request again—and even if she did so with the express purpose of circumventing the thirty-day deadline to file a motion to compel, S.D.W. Va. L.R. Civ. P. 37.1(c)—nothing in the Federal Rules of Civil Procedure or this Court's Local Rules of Civil Procedure prohibit it. *Sanitary Bd. of City of Charleston v. Colonial Sur. Co.*, No. 2:18-cv-01100, 2020 WL 2044622, at *2 n.1 (S.D.W. Va. Apr. 28, 2020) (determining that movant had waived right to file motion to compel by not filing it within thirty days after responses were served but acknowledging that movant "may avoid this issue by serving . . . a second set of discovery requests identical to the first"). The February 17, 2021 requests were served well before the April 6, 2021 deadline to do so in the operative scheduling order. (ECF No. 27.) They were therefore properly asked, and the thirty-day deadline to file a motion to compel began anew when Defendant responded to the requests on March 19, 2021. The presently pending motion to compel was timely filed on April 15, 2021. (ECF No. 61.)

B. *The five discovery requests at issue seek relevant information.*

To succeed on her deliberate-intent claim against Defendant, Plaintiff must prove that Defendant, "prior to the injury, had actual knowledge of the specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working condition." W. Va. Code § 23-4-2(d)(2)(B)(ii). Relevant here, "[a]ctual knowledge is not established by proof of what an employee's immediate supervisor or management personnel should have known had they exercised reasonable care or been more diligent." *Id.* § 23-4-2(d)(2)(B)(ii)(II). Defendant interprets this statutory provision to mean that only prior incidents that

4

occurred at the facility where Plaintiff was injured during the time that Defendant owned and operated it bear on her deliberate-intent claim. (ECF No. 64 at 12–14.) But as Plaintiff points out, "no such limitation exists under West Virginia law or in the plain language of the statute." (ECF No. 65 at 2.)

The statute's only mention of prior incidents provides, "Any proof of the immediate supervisor or management personnel's knowledge of prior accidents, near misses, safety complaints or citations from regulatory agencies must be proven by documentary or other credible evidence." W. Va. Code § 23-4-2(d)(2)(B)(ii)(III). It does not restrict the relevance of prior incidents to the specific location, machine, or circumstances under which the employee was allegedly injured. Interpreting an older version of the deliberate-intent statute, the West Virginia Supreme Court of Appeals has in fact considered a prior incident occurring at another facility in determining whether the employer had actual knowledge of the unsafe working condition. *See Sedgmer v. McElroy Coal Co.*, 640 S.E.2d 129, 133 (W. Va. 2006) ("The record shows a history of at least one prior derailment of cars in another mine."). The plaintiff in a deliberate-intent action bears the burden to show that her "supervisor . . . or another management employee[] actually knew" of the unsafe working condition that allegedly resulted in her injury. *FirstEnergy Generation, LLC v. Muto*, 832 S.E.2d 58, 63 (W. Va. 2018). In cases such as this one where the defendant employer has multiple locations and a network of management personnel who may not be physically present at the facility where the plaintiff employee works, prior incidents that occurred at another facility owned or operated by the defendant may establish that its management personnel were aware of the unsafe working condition. This is true even if, as Defendant represents, no safety

notice was disseminated throughout the company for one or more of the five prior incidents about which Plaintiff seeks discovery. (ECF No. 64 at 13.)

Defendant suggests that the five incidents occurring at other locations are not relevant to this case because the allegedly unsafe working condition is specific to the particular machine at which Plaintiff was working at the Mineral Wells facility. (ECF No. 64 at 13–14.) Contrary to Defendant's assertion, Plaintiff's complaint does not allege anything of the sort; rather, she avers that there were "prior incidents and near-misses" that provided sufficient notice to Defendant to avoid the types of injuries she allegedly suffered. (ECF No. 1 at 3.) Defendant implies that the facts of this case and the five prior incidents are not sufficiently similar as to render the prior incidents relevant, but any key differences instead affect the evidentiary weight of the prior incidents to show Defendant's actual knowledge of the allegedly unsafe working condition. Plaintiff is entitled to examine the circumstances of the five prior incidents she claims are like her own.

Defendant also maintains that it would have to manually search through paper files in storage boxes for any documents related to the incidents occurring in 2001, 2004, and 2006, and therefore, "responsive documents, if any, are not reasonably accessible for collection and review." (ECF No. 64 at 15.) Given the requested documents' potential importance to Plaintiff's case, Defendant shall undertake a good-faith effort to locate the documents and shall provide Plaintiff with a status update detailing its progress if it is unable to locate and produce the documents within fourteen (14) days from the date of this Order, as directed herein. If Defendant is unable to locate and produce the requested information within that period, the parties shall continue to work together to

ensure that Plaintiff receives as much responsive information about each incident as possible, with the goal of providing it on or before **Monday, August 2, 2021**.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel (ECF No. 61) is **GRANTED**.  Defendant is **ORDERED** to fully respond to the five discovery requests at issue within **fourteen (14) days** from the date of this Order, unless the parties mutually agree otherwise.[1]

Generally, if a motion to compel is granted, this Court must order the party resisting discovery or its counsel, or both, "to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(A). But Plaintiff is not entitled to an award of expenses for this motion because she failed to meet and confer in person or by telephone with Defendant prior to its filing, as required by this Court's Local Rule of Civil Procedure 37.1(b).  *Fint v. Brayman Constr. Corp.*, No. 5:17-cv-04043, 2018 WL 5116097, at *2 (S.D.W. Va. Oct. 19, 2018) ("The failure of moving counsel to take the additional step of making a telephone call or scheduling a face-to-face conference will not prevent a ruling on the motion to compel, but in most cases will preclude an award of reasonable expenses." (citing *Westfield Ins. Co. v. Carpenter Reclamation, Inc.*, 301 F.R.D. 235, 245 (S.D.W. Va. 2014))).

**IT IS SO ORDERED**.

---

[1] To the extent the responsive documents include information that is required to be redacted in court filings pursuant to Federal Rule of Civil Procedure 5.2(a) or this Court's Local Rule of Civil Procedure 5.2.1(a), Defendant may redact that information.  Defendant may also omit from its production any medical records or other similar documentation relating to individuals who are not parties to this action.

The Clerk is **DIRECTED** to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: May 18, 2021

Dwane L. Tinsley
United States Magistrate Judge